IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERALD L. BATES,

    Plaintiff,

vs.                                            CASE NO.: 4:09-cv-26-SPM-GRJ

ELAINE GIONET, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the court upon the Magistrate Judge's Report and Recommendation (doc. 61).  The Parties have been mailed copies and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Defendants filed an objection (doc. 64). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made.

Defendants object that the Motion to Dismiss (doc. 45) should be granted as to the retaliation claim against Defendant Gionet, Plaintiff's former supervisor at the law library of Wakulla Correctional Institution, whose formal disciplinary report resulted in Plaintiff's disciplinary conviction of making spoken threats. Plaintiff's administrative appeals were denied. In support of the objection, Defendants rely on O'Bryant v. Finch, 637 F.3d 1207 (11th Cir. 2011), issued after the Magistrate Judge's Report and Recommendation was filed, which held that "[i]f a prisoner is

found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report." O'Bryant, 637 F.3d at 1215. "To find otherwise would render the prison disciplinary system impotent by inviting prisoners to petition the courts for a full retrial each time they are found guilty of an actual disciplinary infraction after having filed a grievance." Id. at 1216. Ultimately, the Eleventh Circuit determined that because the prisoner in O'Bryant was guilty of the disciplinary infraction, his claim for retaliation failed.

Plaintiff's complaint does not establish that he was denied due process at his disciplinary hearing, and there was evidence to support his conviction. Moreover, the Leon County Circuit Court, in denying Plaintiff's petition for writ of mandamus, previously determined that Plaintiff's disciplinary conviction satisfies procedural due process and was supported by some evidence, and this Court is in agreement with the Magistrate Judge that Plaintiff cannot state a cognizable claim for due process violations. As in O'Bryant, were Plaintiff's claim against Gionet allowed to proceed, it would only frustrate the finality of institutional discipline procedures.

Accordingly, having considered the Report and Recommendation, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 61), as corrected, is *adopted* and incorporated by reference in this order.

2. The Motion to Dismiss (doc. 45) is ***granted in part*** such that:

   a. Plaintiff's claims against Defendants Nichols and Hosford are dismissed;

   b. Plaintiff's Fourteenth Amendment due process claims are dismissed;

   c. Plaintiff's claims for compensatory and punitive damages against Defendants in their individual capacities are dismissed;

   d. Plaintiff's claims against Defendants in their official capacities are dismissed; and

   e. Plaintiff's First Amendment retaliation claim against Defendant Gionet is dismissed;

3. The Motion to Dismiss is otherwise ***denied***.

4. The case is remanded to the Magistrate Judge for further proceedings.

DONE AND ORDERED this twenty-ninth day of July, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge